```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    SOUTHERN DIVISION
```

JAMES E. BILLIOT                                         PETITIONER

VS.                              CIVIL ACTION NO.S86-0549(L)

CHRISTOPHER EPPS, COMMISSIONER,                         RESPONDENTS
MISSISSIPPI DEPARTMENT OF CORRECTIONS,
AND LAWRENCE KELLEY, SUPERINTENDENT,
MISSISSIPPI STATE PENITENTIARY

MEMORANDUM OPINION AND ORDER

On July 22, 2004, the Fifth Circuit denied petitioner James E. Billiot's request for an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), of this court's opinion denying his non-Ford v. Wainwright federal habeas claims. See Billiot v. Epps, 107 Fed. Appx. 385, 387 (5th Cir. 2004). At the court's request, the parties submitted briefs to the court addressing the impact of the Fifth Circuit's opinion. In its submission, the State has taken the position that petitioner's Ford claim is not ripe for review, relying on the following statements by the Fifth Circuit in its opinion denying interlocutory appeal:

> The district court denied relief on all of Billiot's claims except his Ford claim that he is presently incompetent to be executed. Because an execution date has not been scheduled and Billiot's execution is not imminent, his Ford claim is premature.[1] Although the Ford claim had to be raised in Billiot's first federal habeas petition so that it will not be barred as

---

[1] The fact that no execution date is set is due to the fact of the stay of execution ordered by this court when the federal habeas petition was first filed.

>successive once the claim becomes ripe, under our precedent such claims are subject to dismissal without prejudice. See Patterson v. Dretke, 370 F.3d 480 (5th Cir. 2004) (addressing ripe Ford claim raised in subsequent habeas action after claim was dismissed without prejudice in prior habeas proceeding); Patterson v. Cockrell, 69 Fed. Appx. 658 (5th Cir. 2003) (unpublished) (dismissing without prejudice Ford claim where execution was not imminent); Stewart v. Martinez-Villareal, 523 U.S. 637, 644-45, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (Ford claim raised for second time in subsequent federal habeas petition, when it is ripe because the execution is imminent, is not "second or successive" within the meaning of 28 U.S.C. § 2244 when claim raised in first federal habeas petition was dismissed without prejudice as unripe).  In the light of the fact that the unripe Ford claim is the only obstacle to a final judgment as to all of the claims in this case, it is neither necessary nor prudent for us to address the difficult jurisdictional issues presented in this case.

Billiot, 107 Fed. Appx. at 387 (5th Cir. 2005).  The court added in a footnote:

>Now that we have denied the permission to appeal, the district court is free to dismiss without prejudice the Ford claim, and to enter final judgment in this case. At such time, an appeal to this court will be available to any aggrieved party, provided that the requirements of 28 U.S.C. § 2253(c) are satisfied.

Id. at 387 n.1.

In the court's opinion, the Fifth Circuit's observation that petitioner's execution is not imminent because no execution date is currently set, on which observation the court based its further conclusion that petitioner's Ford claim is premature, is dicta, with which this court respectfully disagrees for the reason which follows.

2

In Ford v. Wainwright, 477 U.S. 399, 409-10, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986), the Supreme Court held the Eighth Amendment prohibits a state from executing a prisoner who is insane.  A Ford claim challenges the petitioner's competency to be executed, and a determination of competency to be executed, because it relates to a condition that can be fleeting, can only be determined if an execution date is imminent.  See Stewart v. Martinez-Villareal, 523 U.S. 637, 644-645, 118 S. Ct. 1618, 1622 (1998); see also Herrera v. Collins, 506 U.S. 390, 406, 113 S. Ct. 853, 863, 122 L. Ed. 2d 203 (1993) ("[T]he issue of sanity is properly considered in proximity to the execution.").[2]  And, because any decision as to a petitioner's competency to be executed has meaning and efficacy only if made reasonably contemporaneously with the scheduled date for execution, a Ford claim is premature, and hence unripe, unless an execution date is impending.  If execution is not imminent, such a claim is usually dismissed on ripeness grounds, see Nguyen v. Gibson, 162 F.3d 600, 602 (10th Cir. 1998), subject to being re-urged once an execution

---

[2] Cf. Whitmore v. Arkansas, 495 U.S. 149, 178, 110 S. Ct. 1717, 1735 (1990) (noting that "[l]egal competency is not static"); United States v. Morgan, 39 F.R.D. 323, 329 (N.D. Miss. 1966) (observing that determination of fact of a prisoner's mental competency at all times relevant to the proceedings against him is "fleeting, vague and largely subjective").

3

date has been set, see Patterson v. Dretke, 370 F.3d 480 (5th Cir. 2004).³

In this case, it is true, of course, that no execution date is presently set, and indeed, the execution date originally set by the Mississippi Supreme Court was stayed by this court when the federal habeas petition was initially filed, and that stay has continuously remained in place to this date.  Nevertheless, by statute in Mississippi, if this court were to consider Billiot's Ford claim and find him competent to be executed, the Mississippi Supreme Court would be required to immediately schedule for petitioner an execution date of not more than thirty days from the date of a denial of his habeas petition.  Specifically, Miss. Code Ann. § 99-39-29, provides as follows:

> If the prisoner or prisoners shall be under sentence of death and the date fixed for the execution of the sentence shall arrive at a time when proceedings for post-conviction collateral relief are pending, either in the state or the federal courts, the Supreme Court of Mississippi shall have the authority to stay the execution upon a substantial showing of merit pending the determination of said proceeding.  <u>If, however, a stay has been entered either by a state or federal court and post-conviction collateral relief is denied, the Supreme Court of Mississippi shall forthwith fix a day, not more than thirty (30) days distant from the date of said denial or the vacating of any stay entered by any</u>

---

³ Indeed, it is precisely because such claims are premature until execution is imminent that such claims, if dismissed without prejudice as unripe, are not subject to § 2244's proscription against "second or successive" petitions when reasserted following the setting of an execution date.  See Stewart v. Martinez-Villareal, 523 U.S. 637, 644-45, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998).

> federal court, for the execution of the sentence, and a warrant shall forthwith issue accordingly. (Emphasis added).

In the court's opinion, by virtue of this provision, petitioner's execution date is no less imminent than it would be were this court to dismiss the Ford claim, only to have such claim be refiled and a new execution date set and then stayed, as it necessarily will be in order that the Ford claim may be given due consideration. Accordingly, the court rejects the State's motion to dismiss Billiot's Ford claim on the basis that it is not ripe for consideration.[4]

It is thus in order that the case move forward toward a resolution of that claim. Toward that end, the attorneys for the petitioner and respondent should confer with each other to discuss what must be done by the parties and their experts in preparation for a hearing on petitioner's competency to be executed, and the time required to prepare for such a hearing, following which counsel shall communicate with the undersigned's office to set a hearing date.

SO ORDERED this 28th day of October, 2005.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[4] Billiot has offered to voluntarily dismiss his non-Ford claims and to waive his right to appeal this court's dismissal of those claims "[t]o the extent that [his] right to appeal his non-Ford claims prevents a finding of imminence." This court does not perceive the right to appeal those claims as bearing on its finding of imminence.