# N THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **JAMES E. BILLIOT** | **PETITIONER** |
| VS. | **CIVIL ACTION NO. 1:86CV549TSL** |
| **CHRISTOPHER B. EPPS, Commissioner,** Mississippi Department of Corrections and **LAWRENCE KELLY, Superintendent,** Mississippi State Penitentiary | **RESPONDENTS** |

## ORDER

This matter is before the Court on Petitioner's Motion to Determine Competency to be Executed While Being Treated with Anti-Psychotic Medication and Request for Ford/Panetti Competency Hearing. The Court earlier entered an Order requiring that Billiot be examined by mental health professionals in his current, medicated state, to determine whether he is incompetent to be executed. Those examinations have been completed, and the Court has reviewed the videotapes of those examinations, as well as the examiners' reports.

The parties are in agreement that Billiot suffers from mental illness. In order to determine whether he can be executed, the Court must decide whether that illness so impairs "[his] concept of reality that he cannot reach a rational understanding of the reason for his execution." *Panetti v. Quarterman*, ___ U.S. ___, 127 S. Ct. 2842, 2861 (2007). Two experts who have examined Billiot, Dr. C. Gerald O'Brien and Dr. John Montgomery, have concluded that Billiot's illness does not impair him to that extent in his current medicated states. Two other experts, Dr. William Johnson and Dr. Raquel Gur, have concluded that Billiot is not competent to be executed even while medicated.

In particular, Dr. Johnson states in his report that Billiot "does not have a rational understanding that his execution is possible and is retribution for his crimes. He does not comprehend the gravity of his legal situation and that the death penalty means that he will be executed if his appeal is not successful." Dr. Gur adds, "While Mr. Billiot knows he is in prison, on death row, for the murder of three family members, he has no rational understanding of the consequences of the impending execution." In light of these opinions, and after reviewing the videotaped examinations, this Court is of the opinion that Billiot has made a "substantial threshold showing of insanity" within the meaning of *Ford v. Wainwright*, 477 U.S. 399, 426 (1986), that entitles him to an evidentiary hearing on his competence to be executed.

Billiot's counsel have indicated that they need to conduct discovery in order to prepare for such a hearing. The Court is anxious to move this matter on to a resolution and is, therefore, not inclined to permit this discovery to become overly broad. The parties will be required, therefore, to confer and submit a discovery plan to the Court, in accordance with Fed. R. Civ. P. 26(f) and Rules 6 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts. If there are any other matters that should be addressed prior to the hearing, the parties should make those known at this time. Once the Court has reviewed those submissions, it will enter an Order setting the parameters of discovery, setting deadlines for the completion of that discovery, and establishing a date for the evidentiary hearing.

IT IS, THEREFORE, ORDERED that, on or before March 31, 2009, the parties shall file a written discovery plan, which may be submitted in the electronic filing system as a "Report of Rule 26(f) Planning Meeting". If the parties cannot agree on a plan, they may submit separate plans.

IT IS SO ORDERED, this the 2nd day of March, 2009.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE