# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| **JAMES E. BILLIOT** | **PETITIONER** |
| **VS.** | **CIVIL ACTION NO. 1:86CV659TSL** |
| **COMMISSIONER CHRISTOPHER B. EPPS and SUPERINTENDENT LAWRENCE KELLY** | **RESPONDENTS** |

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Motions to Alter or Amend that were filed by both Petitioner and Respondents in this matter, as well as Respondents' Motion to Place Exhibits C and D under Seal pursuant to Uniform Local Rule 8.1. By these Motions, each side asks that the Court amend its earlier Memorandum Opinion and Order in this matter, as well as the Final Judgment that was entered in accord with that Opinion.

By its Memorandum Opinion and Order, this Court determined that Billiot is incompetent to be executed within the meaning of *Ford v. Wainwright*, 477 U.S. 399 (1986), and *Panetti v. Quarterman*, 551 U.S. 930, 953-54 (2007). Under Mississippi law, an inmate under a sentence of death who is found to have become incompetent to be executed, is to be transferred to the forensic unit of the Mississippi State Hospital at Whitfield, to be regularly examined to determine whether he is likely to become sane within the foreseeable future. If at any time the appropriate official at the state hospital considers the offender to be sane, then he is to notify the court, at which time another competency hearing would be held. Miss. Code Ann. § 99-19-57(2) (1972 & Supp. 2008). In its Final Judgment, this Court ordered Respondents to comply with that procedure, failing which Billiot would be released.

Respondents now claim that they cannot comply with Mississippi law, as the Mississippi State Hospital lacks the appropriate facilities to house a death-sentenced inmate and since the medical staff have indicated they will not treat Billiot due to the possibility that he could be returned to competency and then executed. Additionally, Respondents take issue with the Court's alternative remedy of release, since neither Billiot's conviction nor his sentence was invalidated by the Court's ruling.

Billiot seeks an amendment to this Court's Final Judgment to provide that this Court would retain jurisdiction over his claim that he cannot constitutionally be restored to competency through forcible medication, nor can he be executed if his competence is "synthetic," in that it was induced by medication. Billiot also opposes Respondents' plan to keep him incarcerated at the Mississippi State Penitentiary.

As recognized in the earlier Opinion of this Court, federal courts are authorized to dispose of habeas petitions "as law and justice require." 28 U.S.C. § 2243; *Hilton v. Braunskill,* 481 U.S. 770 (1987); *Davis v. Reynolds,* 890 F.2d 1105, 1112 (10th Cir.1989). The traditional use of the writ of habeas corpus is to force the government "to justify a decision to hold an individual in custody." *Zalawadia v. Ashcroft*, 371 F.3d 292, 299 (5th Cir. 2004). When that decision cannot be justified, a federal court has the power to release the prisoner. "Indeed, it has no other power; it cannot revise the state court judgment; it can act only on the body of the prisoner." *Fay v. Noia*, 372 U.S. 391, 430-31 (1963). As recently recognized by the Fifth Circuit, "The physical release required by the writ, however, is not necessarily unconditional. Courts generally allow for the release of a prisoner subject to the state's right to detain him on the underlying indictment." *Jones v. Cain*, No. 09-30174, 2010 WL 909084 at *11 (5th Cir. Mar. 15, 2010).

Respondents' argument that release is inappropriate in a case where neither the conviction nor the sentence has been invalidated is well taken, and that portion of the Judgment should be altered. With regard to the argument that the Mississippi State Hospital is unequipped to house a death-sentenced inmate for an indeterminate period of time, the Court accepts the sworn statements of its officials to that effect. Since Billiot cannot be housed at the State Hospital, the mandate to Respondents to abide by the provisions of §99-19-57(2) must also be excised from the Judgment. No further provision for Billiot's housing can be made by this Court, as prisoners have no constitutional right to confinement in any particular state institution. *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Meachum v. Fano*, 427 U.S. 215, 228 (1976); *Smith v. Pitzer*, 193 F.3d 520, (1999).

The Court is thus compelled to use its broad powers to fashion a remedy that is appropriate for this unique situation, where the remedy provided by state law is unavailable and the customary alternative of release is inappropriate. The Court's fundamental belief that Billiot is incompetent to be executed is unchanged. In order to enforce its holding that Billiot cannot be executed while he remains incompetent, this Court intends to enter an indefinite stay of execution. That stay will remain in place unless and until Respondents apply to this Court to lift the stay and establish that Billiot has regained his competence. At such a time, the Court will consider any claims raised by Billiot's counsel as to the method by which Billiot's competence was restored. The Court will enter an Amended Judgment reflecting these changes to its original holding.

Finally, there is the issue of whether two exhibits that were submitted in support of Respondents' Motion should be sealed. Court records are presumptively open under common law, and the discretion to seal them "is to be exercised charily." *Sec. & Exch. Comm'n v. Van*

3

*Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). The Court's Uniform Local Rules recognize that principle and provide that an order permitting records to be sealed "must include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." L.U.Civ. R.79(b).[1] Here, Respondents seek to seal two affidavits provided by parties who opposed the alternative relief of release that was originally provided in the Final Judgment. However, as Billiot has pointed out, the content of those affidavits, as well as the identity of the affiants, was discussed extensively in Respondents' reply brief in support of their Motion to Alter or Amend. Billiot argues, therefore, that no purpose would be served by sealing these records, and Respondents have not countered that argument. For these reasons, the Court is of the opinion that this Motion should be denied.[2]

IT IS, THEREFORE, ORDERED AS FOLLOWS:

1. Petitioner's Motion to Alter or Amend Judgment [228] is hereby **granted** to the extent that the Court will enter an indefinite stay of execution in this matter, thereby requiring Respondents to apply to this Court for the stay to be lifted, at which time Billiot's concerns related to medically induced competency may be addressed.

2. Respondents' Motion to Alter or Amend under Rule 59(e) [229] is hereby **granted**, and the Court will enter an Amended Judgment eliminating the requirement that

---

[1] This amended Rule replaced former Local Rule 8.1 as of December 1, 2009.

[2] Billiot also asks that the affidavits be stricken and their content ignored by the Court as hearsay. Although the Court read the affidavits, its decision to remove the alternative remedy of release was in no way based on their content, but only on Respondents' argument that neither Billiot's conviction nor his sentence has been invalidated.

4

Respondents comply with the terms of Miss. Code Ann. §99-19-57(2) and also eliminating the alternative relief of release.

3. The earlier Memorandum Opinion and Order that was entered in this case on November 3, 2009 is hereby modified consistent with the language of this Memorandum Opinion and Order.

4. The Motion of Respondents to Place Exhibits C and D under Seal pursuant to Uniform Local Rule 8.1 is hereby **denied**.

IT IS SO ORDERED, this the 13th day of April, 2010.

    /s/Tom S. Lee
    UNITED STATES DISTRICT JUDGE